# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **RASHIN OWENS** | : | **NO. 20-467** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                                         **April 7, 2022**

      Moving for a reduction of sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), Rashin Owens, a prisoner at FCI Fort Dix, contends that his risk of contracting COVID-19 a third time resulting in permanent and long-term respiratory damage constitute extraordinary and compelling reasons warranting a reduction of his sentence.[1] The government concedes that Owens has three serious medical conditions placing him at greater risk for severe illness or death from COVID-19.[2] Yet, it contends that the pandemic and his medical conditions do not support a reduction in his sentence because he has been fully vaccinated and recently recovered from COVID-19.[3] The government also asserts that Owens poses a danger to the community because of the nature and severity of his offenses and his likelihood of recidivism given his lengthy criminal history.[4]

---

[1] Mot. for Sent. Red. at 1, 5–6, ECF No. 21.

[2] Govt.'s Resp. in Opp. to Def.'s Mot. to Red. Sent. at 7, ECF No. 25.

[3] *Id.* at 8, 16.

[4] *Id.* at 25–26.

We conclude that the circumstances of the pandemic and Owens' health conditions do not constitute an extraordinary and compelling reason warranting release in this case. Therefore, we shall deny his motion for a sentence reduction.

Owens pled guilty to two counts of making false statements to a bank. The sentencing guideline range was 21 to 27 months.[5] Owens was sentenced to a prison term of 18 months followed by three years supervised release.[6] He is scheduled to be released on January 12, 2023.[7]

Owens is 44 years old.[8] He suffers from obesity, asthma, and hypertension.[9] According to the government, prison medical records report that he is fully vaccinated against COVID-19, having received his second dose of the Moderna vaccine on August 2, 2021.[10] He tested positive for COVID-19 in April 2020 and again on January 11, 2022.[11] He has since recovered.[12] He has not suffered any residual consequences from the infections.[13]

In his reply, Owens disputes that he received the COVID-19 vaccine.[14] He claims that the government relied on "bad information" from FCI Fort Dix.[15] Owens is correct

---

[5] *Id.* at 2.

[6] Mot. for Sent. Red. at 7; Govt.'s Resp. in Opp. to Def.'s Mot. to Red. Sent. at 2.

[7] Govt.'s Resp. in Opp. to Def.'s Mot. to Red. Sent. at 6.

[8] *Id.* at 7.

[9] *Id.*

[10] *Id.* at 8.

[11] Mot. for Sent. Red. at 4–5.

[12] Govt.'s Resp. in Opp. to Def.'s Mot. to Red. Sent. at 7–8, 16.

[13] *Id.* at 7–8.

[14] Def.'s Reply to the Govt.'s Resp. in Opp. to Def.'s Mot. to Red. Sent. at 1–2, ECF No. 28.

[15] *Id.* at 1. According to Owens, "because [FCI Fort Dix] is a penal institution, the entries into the intuitions medical record system are unilateral and not subject to review by the inmate." *Id.*

because he could not have received the vaccine at FCI Fort Dix in August 2021 because he was on pretrial release.[16] He did not report to FCI Fort Dix until October 5, 2021.[17] Owens maintains that he has not received any vaccines since 2013 because he is Muslim.[18] He attached his immunization record from PhilaVax and his healthcare provider both of which report that the last vaccine he received was for influenza on November 6, 2013.[19]

Owens also challenges the government's claim that he recovered from his COVID-19 infections.[20] When he first contracted COVID-19, he presented with shortness of breath, exhaustion, coughing, wheezing, fever, chills, chest pain, body and muscle aches, vomiting, loss of taste and smell, and severe headaches.[21] Owens contends that his first bout of COVID-19 induced asthma.[22] When he contracted the virus a second time, he claims his respiratory symptoms reemerged, forcing him to rely heavily on Albuterol.[23]

---

[16] *Id.*

[17] *Id.*

[18] *Id.* at 2.

[19] Rashim J. Owens, PhilaVax Immunization Information System Official Immunization Record, Mar. 3, 2022, ECF No. 28-2 (attached as Ex. B. to Def.'s Reply); Rashin Owens, Abbottsford Falls Family Practice, Immunization History, Mar. 3, 2022, ECF No. 28-3 (attached as Ex. C to Def.'s Reply).

PhilaVax is the Philadelphia Department of Public Health's immunization information system. PhilaVax, Philadelphia Department of Public Health, https://vax.phila.gov/index.php/our-programs/philavax/. It is the product of regulations issued by the Philadelphia Board of Health mandating the "reporting of immunization data on all immunizations administered to all individuals in the city of Philadelphia . . . to a citywide immunization information system." *Id.*

[20] Def.'s Reply at 2.

[21] Mot. for Sent. Red. at 4–5.

[22] *Id.* at 5; Def.'s Reply at 2. Owens prison medical records contradict his claim, reporting that he has had asthma since his juvenile years. Owens' BOP Health Services Records at 17, ECF No. 26 (filed under seal and attached as Ex. A to Govt.'s Resp. in Opp. to Def.'s Mot. to Red. Sent.).

[23] Mot. for Sent. Red. at 5. His claim is contradicted by prison medical records which report that he was asymptomatic and recovered. *See* Owens' BOP Health Services Records at 1–10, 48.

3

Owens now receives Albuterol three times per day and Wixela twice per day.[24] A certified registered nurse practitioner from Abbottsford Falls Family Practice recommended he follow up with a pulmonary specialist.[25]

## Discussion

A court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that extraordinary and compelling reasons warrant a reduction and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Even then, the court may not order the release of a prisoner if it finds that he is a danger to the safety of others or the community. 18 U.S.C. § 3142(g).

We have held that a court has the authority and responsibility to determine what is an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. §

---

[24] Mot. for Sent. Red. at 5.

[25] Def.'s Reply at 2; Letter from Abbottsford Falls Family Practice, ECF No. 28-4 (attached as Ex. D to Def.'s Reply). This letter states in its entirety:

> This letter is in regards to my patient· Rashin Owens who contracted Covid and has been suffering with complications since April of 2020. Rashin has been suffering with respiratory distress frequently since the positive Covid diagnosis. Thereafter, Rashin was diagnosed with asthma and prescribed albuterol to relieve his respiratory complications.
>
> Further, Rashin developed symptoms of Covid once again with complications July of 2021. Rashin was tested on July 23, 2021 which resulted in an inconclusive result. Rashin was retested July 27, 2021 and the result was negative.
>
> To that end, since Rashin respiratory [sic] was ultimately comprised [sic], following his positive Covid diagnoses. Rashin shall follow up with a pulmonary specialist.

Letter from Abbottsford Falls Family Practice.

3582(c)(1)(A).[26]  We have also determined that the COVID-19 virus and its impact on the prison population in a particular case may warrant relief under Section 3582(c)(1)(A).[27]

To determine whether extraordinary and compelling reasons exist in a particular case, we consider the circumstances of the COVID-19 pandemic, the defendant's health conditions, the defendant's age, the risk of contracting COVID-19 at the defendant's facility, and whether the defendant has been vaccinated.  None of these reasons alone is an extraordinary or compelling reason.  Health complications without a risk of COVID-19 at a particular institution do not warrant release.  Similarly, the fact that a facility may have confirmed cases of COVID-19 does not justify release if the defendant is not at risk due to age or other medical conditions, or if the defendant is fully vaccinated.  Whether a combination of these circumstances rises to the level of "extraordinary and compelling" is determined by assessing the facts unique to the defendant.

BOP medical records indicate that Owens received his second dose of the Moderna vaccine on August 2, 2021.  Owens disputes the accuracy of these records, claiming he never received the COVID-19 vaccine.[28]  It appears that he did not.  Even if he did not receive the vaccine, his circumstances do not present an extraordinary or compelling reason justifying compassionate release.

---

[26] *See United States v. Spencer*, 519 F. Supp. 3d 237, 244 (E.D. Pa. 2021); *United States v. Babbitt*, 496 F. Supp. 3d 903, 909 (E.D. Pa. 2020); *United States v. Medina*, No. 15-554, 2021 WL 1581608, at *5 (E.D. Pa. Apr. 22, 2021); *United States v. Avery*, No. 04-243, 2021 WL 949482, at *5 (E.D. Pa. Mar. 12, 2021); *United States v. Randall*, No. 08-8, 2021 WL 922077, at *5 (E.D. Pa. Mar. 11, 2021).

[27] *See Spencer*, 519 F. Supp. 3d at 252–53; *Babbitt*, 496 F. Supp. 3d at 916; *Medina*, 2021 WL 1581608, at *10.

[28] Def.'s Reply at 1.

Owens first contracted COVID-19 in April 2020.[29] His presentence report, a year after he had COVID-19, states that "[h]e reported that he is physically healthy with no problems or issues."[30] Owens tested positive for COVID-19 a second time on January 11, 2022.[31] He was treated by medical personnel from January 11 to January 21.[32] Owens' prison medical records indicate that he was asymptomatic and recovered.[33] Indeed, the administrative notes for each visit state that he "advised that he was not having any new COVID-19 symptoms or complaints," he was not feverish, and he "appears clinically stable."[34]

Although Owens suffers from obesity, asthma, and hypertension which make him more vulnerable to serious illness or death from COVID-19, the risks posed to his health are minimal. He contracted the virus in April 2020 and again in January 2022. He fully recovered each time. Moreover, there are zero positive cases among the inmate population and zero cases of staff members at FCI Fort Dix where Owens is housed.[35] Of the inmates at FCI Fort Dix, 83.7% are fully vaccinated.[36] Therefore, his circumstances do not present an extraordinary or compelling reason justifying compassionate release.[37]

---

[29] Mot. for Sent. Red. at 4–5.

[30] Presentence Report ¶ 76.

[31] Owens' BOP Health Services Records at 10, 48.

[32] *Id.* at 1–10.

[33] *Id.* at 1–10, 48.

[34] *Id.* at 1–10.

[35] Federal Bureau of Prisons, "COVID-19 Coronavirus" (updated daily), https://bit.ly/2SOsQpe.

[36] *Id.*; Federal Bureau of Prisons, "FCI Fort Dix," https://www.bop.gov/locations/institutions/ftd/.

[37] Assuming Owens is unvaccinated, our reasoning is consistent with that of numerous other courts in the Third Circuit that have denied compassionate release motions brought by defendants with underlying conditions increasing the risk of severe illness from COVID-19 that were offered but refused vaccination. *See, e.g.*, *United States v. Joseph*, No. 10-664, 2021 WL 5198094, at *3–5 (E.D. Pa. Nov. 9, 2021) ("The Court recognizes that Joseph[, who suffers from diabetes, latent tuberculosis, and obesity,] is within his rights to voluntarily refuse the vaccine; however, Joseph 'cannot then claim that the threat posed by COVID-19 represents an extraordinary and compelling reason warranting his early release.'" (citation omitted));

Because we conclude that there is no extraordinary or compelling reason to grant compassionate release, we do not reach the issue of whether Owens is a danger to the safety of others or the community.

## Conclusion

We find that the COVID-19 pandemic and the low risk of Owens contracting COVID-19 at FCI Fort Dix do not constitute extraordinary and compelling reasons to grant a sentence reduction. Owens is no longer at risk of severe illness or death while serving his sentence at FCI Fort Dix. Therefore, we shall deny his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

---

*United States v. Tommaso*, No. 15-602-2, 2021 WL 4941490, at *4 (E.D. Pa. Oct. 22, 2021) ("Tommaso[, who suffers from hypertension,] is well within his rights to refuse vaccination. However, he cannot then claim that he must be released due to a risk of health complications that could be virtually eliminated by that same vaccine." (citations omitted)); *United States v. Hardison*, No. 18-168, 2021 WL 4132435, at *3 (E.D. Pa. Sept. 10, 2021) ("While Mr. Hardison was, of course, within his rights to make this choice, his argument that he risks death or serious injury from COVID-19 'rings somewhat hollow in light of his affirmative choice to refuse a highly-effective vaccine.'" (citation omitted)); *United States v. Robinson*, No. 15-596, 2021 WL 3537296, at *3 (E.D. Pa. Aug. 11, 2021) ("Accordingly, I find that his refusal to accept a vaccine negates any 'extraordinary and compelling reason' for relief that he would otherwise have, such as his obesity."); *United States v. Kassis*, No. 19-449, 2021 WL 3489816, at *3 (E.D. Pa. Aug. 9, 2021) ("If the Court was to hold that the mere refusal to be vaccinated represents an extraordinary and compelling reason to warrant release, then inmates would be incentivized to refuse vaccinations. This would be contrary to any good sense considerations of the detained individuals' or society's well-being."); *United States v. Adams*, No. 18-502-1, 2021 WL 2822939, at *2 (E.D. Pa. July 7, 2021) ("Under these circumstances, Adams voluntary refusal to 'provide self-care' and mitigate his risk of a severe COVID-19 outcome negates the otherwise compelling medical reason [(obesity)] for his release." (citations omitted)); *United States v. Ortiz*, No. 18-264, 2021 WL 1422816, at *2, *4 (E.D. Pa. Apr. 15, 2021) ("[W]hile a petitioner [with diabetes and obesity] who declines a COVID vaccine is 'within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.'" (citation omitted)); *United States v. Jackson*, No. 07-40-2, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021) ("However, Jackson was offered the Moderna COVID-19 vaccine on January 6, 2021 and elected not to be vaccinated[, despite suffering from type II diabetes and obesity]. Thus it seems that Jackson has voluntarily declined to 'provide self-care' and mitigate her risk of a severe COVID-19 infection.").